Michael S. Davis  
Anthony I. Giacobbe, Jr.  
ZEICHNER ELLMAN & KRAUSE LLP  
575 Lexington Avenue  
New York, New York 10022  
(212) 223-0400

Hearing: April 8, 2008  
2:30 p.m.

*Attorneys for Petitioners*  
*National Union Fire Insurance Company of Pittsburgh, Pa.*  
  *and American International South Insurance Company*

UNITED STATES DISTRICT COURT  
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA. and AMERICAN INTERNATIONAL SOUTH INSURANCE COMPANY,<br><br>                            Petitioners,<br><br>- against -<br><br>THE UNITED COMPANY,<br><br>                            Respondent. | Case No.   08-CV-3147 (MGC) |

### REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PETITION OF NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA. TO COMPEL ARBITRATION

The AIG Companies[1] submit this Reply Memorandum of Law in further support of its petition to compel arbitration (the "Petition") of the disputes (the "Disputes") asserted in the Complaint.

### PRELIMINARY STATEMENT

The United Company asserts four contentions in its response and a fifth in a letter to the court. None have merit.

---

[1] Capitalized terms not defined herein have the same meaning as in National Union's petition to compel arbitration (the "Petition").

United's first contention – that its subsidiaries Sapphire and Wellmore are not parties to the Payment Agreement containing the arbitration clause – is neither correct nor relevant. It is not correct because United, as corporate parent, bound "each of its subsidiary, affiliated or associated organizations" to the agreement to arbitrate. Moreover, even if Wellmore and Sapphire were not bound, it is of no moment, because if United is obligated to arbitrate, this court should compel such arbitration. The involvement of extraneous parties does not alter the obligation of United to arbitrate.

United's second contention, that this court does not have in personam jurisdiction over it, is simply wrong. United expressly consented to jurisdiction in writing. The Addendum to the Payment Agreement contains an express consent to this court's jurisdiction for motions to compel or avoid arbitration.

Third, United argues that this court should defer to Kentucky's state insurance regulators. However, as United is well aware, Kentucky's "Office of Insurance" has written that this dispute **"is beyond our statutory authority"** (emphasis added, Exhibit 1 to the Declaration of Michael S. Davis (the "Davis Decl.")). Indeed, even without that determination, the Supreme Court recently held in Preston v. Ferrer (cited below) that the strong policy favoring arbitration applies with equal force to potential regulatory proceedings as it does to potential court proceedings.

Fourth, United argues that the agreement that includes the arbitration clause was not fully agreed. This argument fails under Buckeye and Prima Paint (cited below) because once arbitrability was agreed, it is for the arbitrators to decide whether the contract is otherwise excludable. Moreover, the parties specifically agreed that issues of arbitrability be determined

2

by the arbitrators and not by a court. Thus, this court's role should be limited to compelling arbitration as required by the FAA.

Finally, in a letter to the court, United raised a Kentucky statute which does not mandate arbitration of insurance policies, but that too is inapplicable. The exact statute has been held not to apply to payment agreements of the type at issue here.

## ADDITIONAL FACTS

While there are no genuinely disputed facts material to this motion, United's opposition leaves out these material facts.

Concerning its claim that Kentucky insurance regulators should resolve this dispute, United fails to inform the Court that the Kentucky "Office of Insurance" has written <u>to United</u> that the determination it seeks "is beyond our statutory authority." (Exhibit 1 to the Davis Decl.).

Also, concerning the limited authority of the Commonwealth of Kentucky, United neglects to point out that the insurance coverage at issue was issued to a Virginia company in Virginia (Exhibit 2), and was required by, and filed with, the United States Department of Labor. (Exhibit 3).

United argues that because there were no insured losses that occurred excess of a large agreed deductible amount, that there was no insurance provided by AIG Companies. This of course is nonsense. Had there been a major mining disaster at one of the insured locations before a replacement insurer bound the risk, no one, especially United, would have claimed that there was no insurance coverage from AIG Companies.

I.

## THE CONTENTION THAT WELLMORE AND SAPPHIRE DID NOT AGREE TO ARBITRATE IS BOTH INCORRECT AND IRRELEVANT

A. **United's Contention is Incorrect Because Sapphire and Wellmore did Agree to Arbitrate**

The Payment Agreement signed by United expressly defines the term "you" to include Wellmore and Sapphire:

> 7. "You" or "Your" means the person or organization named as our Client in the title page of this Agreement [United], its predecessor and successor organizations, **and each of its subsidiary, affiliated or associated organizations that are included as Named Insureds under any of the *Policies*. Each is jointly and severally liable to us for the entire amount of *Your Payment Obligation*.**

Exhibit 1, COMPLAINT 023 (emphasis added). United, as their parent company, was, of course, able to bind Sapphire and Wellmore. Courts routinely find that the parent company with a majority of shares has the authority to bind wholly owned subsidiaries. Carriage Realty P'ship v. All-Tech Auto Automotive, Inc., 2001 Del. Ch. Lexis 144 (Nov. 7, 2001). See also, L.R. Schmaus Co., Inc. v. Comm'r of Internal Revenue, 404 F.2d 1044, 1045 (7th Cir. 1969) ("[A]ctions by a sole shareholder binds the corporation . . ."). Thus, by the express terms of the Payment Agreement, Wellmore and Sapphire are bound to that agreement, and United's contention that Sapphire and Wellmore did not agree to arbitrate is incorrect.

B. **United's Contention that Sapphire and Wellmore did not Agree to Arbitrate is Also Irrelevant**

Quite apart from the fact that Wellmore and Sapphire did agree to arbitrate, the contention that they did not agree is irrelevant. As a matter of law, whether or not Wellmore and

4

Sapphire agreed to arbitrate, the arbitration agreement between National Union and United must be enforced. Where an arbitration clause contains broad language such as "all disputes arising under the agreement", the arbitration clause applies to all related disputes between the parties **even to a nonsignatory**. Fluehmann v. Associates Financial Services, 2002 WL 500564, at 6 (D. Mass. 2002) ("When confronted with such broad language, courts presume the validity of an agreement to arbitrate, and generally find that similarly broad arbitration clauses governing 'all disputes' arising under the agreement apply **even to a nonsignatory**.") (emphasis added); Myrick v. GTE Main Street Inc., 73 F. Supp. 2d 94, 96 (D. Mass. 1999) ("[B]road language of this nature covers contract--generated or contract--related disputes between the parties however labeled; It follows that the provisions of [the arbitration clause] of the Agreement at issue are properly interpreted to cover all conduct arising out of [the parties'] contractual relationship.")

In Dean Witter Reynolds Inc. v. Byrd, 470 U.S. 213, 221, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1984), the Supreme Court stated that "we rigorously enforce agreements to arbitrate, even if the result is 'piecemeal' litigation, at least absent a countervailing policy manifested in another federal statute." The court in Byrd also discussed its holding in Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 103 S.Ct. 927, 74 L. Ed.2d 765 (1983), where it affirmed an order that required enforcing arbitration, despite the fact that bifurcated proceedings would result. "Relevant federal law requires piecemeal resolution when necessary to give effect to an arbitration agreement." Id. at 221.

Thus, regardless of whether the broad arbitration clause pertains to Wellmore and Sapphire, the disputes asserted by United in the complaint are subject to the arbitration clause.

## II.

## THIS COURT HAS IN PERSONAM JURISDICTION

A.  **In Personam Jurisdiction Is Established by Agreement**

>   The separately executed Addendum to the Payment Agreement provides:

> [A]**ny** action or proceeding **concerning arbitrability,** including motions to compel or to stay arbitration, may be brought **only** in a court of competent jurisdiction **in the City, County, and State of New York.**

Exhibit 1 at COMPLAINT 037 (emphasis added). It is well settled that a party may consent to in personam jurisdiction.

This court and the Second Circuit have consistently held, and it is well settled, that a party's consent to litigate or arbitrate a dispute in New York confers personal jurisdiction on that party in a New York forum:

> [C]ourts may obtain personal jurisdiction over the respondent through consent, express or implied, even in the absence of "minimum contacts" with this forum. Such consent may be inferred where an arbitration clause stipulates that the proceeding will take place in New York, since "by agreeing to arbitrate in New York, a party makes himself as amenable to suit as if he were physically present in New York.

National Union Fire Insurance Company of Pittsburgh, Pa. v. Younger Brothers, Inc., 2001 WL 669042 (S.D.N.Y. June 13, 2001), citing Farr & Co. v. Cia. Intercontinental de Navigacion de Cuba, S.A., 243 F.2d 342, 347 (2d Cir. 1957). Accord, Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Lecopulos, 553 F.2d 842, 844 (2d Cir. 1977); Island Territory of Curacao v. Solitron

Devices, Inc., 489 F.2d.1313, 1317 (2d Cir. 1973); Doctor's Assocs., Inc. v. Stuart, 85 F.3d 975, 978 (2d Cir. 1996).

Indeed, in three decisions in this district, this court exercised its jurisdiction to order arbitration to proceed even though a lawsuit was filed first elsewhere. See Raytheon v. Nat'l Union Fire Ins. Co. of Pittsburgh PA, 306 F. Supp. 2d 346 (S.D.N.Y. 2004); Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Champps Entm't, Inc., 2004 U.S. Dist. Lexis 25052 (S.D.N.Y. Dec. 13, 2004); American Home Assurance Company v. Circle L Roofing, Inc., 2008 U.S. Dist. LEXIS 18313 (S.D.N.Y. February 19, 2008). National Union submits that there is no reason not to follow these decisions in this case.

This is also precisely what the United States Supreme Court did in Moses Cone, supra, where arbitration was required by the second-file proceeding. See also Municipal Energy Agency of Mississippi v. Big Rivers Electric Corporation, 804 F2d 338 (5th Cir. 1986) (Where arbitration agreement did not specify place of arbitration, the United States Court of Appeals affirmed the stay of first-filed litigation in Mississippi and refused to enjoin the party who moved to compel arbitration in Kentucky from proceeding in Kentucky).

### III.

### KENTUCKY HAS REFUSED TO ADJUDICATE THIS DISPUTE

In a surprising lack of candor, United submits an ex parte letter dated May 10, 2007 from the Kentucky Environmental and Public Protection Cabinet supposedly supporting its position. However, the letter did not resolve the disputed date of cancellation. Rather, it invited AIG Companies to "file the appropriate documents with our agency," which AIG Companies did do. In response, after hearing from both sides, the Kentucky department determined that:

7

> Enclosed is a copy of the insurance company's response to the above referenced complaint. Our investigation indicates that the insurance company has not violated any insurance laws. The final answer to your complaint depends on a legal or factual determination and **is beyond our statutory authority**. According to 806 KAR 2:050, Section 2, legal or factual determinations can be made only by the courts.

Exhibit 1 to the Davis Decl. (emphasis added).

Indeed, even if the Kentucky department were willing to adjudicate this dispute, which it is not, the recent decision of the Supreme Court in <u>Preston v. Ferrer</u>, 128 S.Ct. 978 (2008) establishes that just as a judicial dispute must defer to arbitration, an administrative dispute governed by state administrative jurisdiction also must defer to the FAA.

### IV.

### **THERE IS A CONTROLLING AGREEMENT TO ARBITRATE**

United confuses the concept of an agreement to arbitrate with a fully enforceable contract.

The Supreme Court in <u>Buckeye Check Cashing, Inc. v. Cardegna</u>, 546 U.S. 440, 445-46 (2006), reiterated its established holdings in <u>Prima Paint Corp. v. Flood & Conklin Mfg. Co.</u>, 388 U.S. 395 (1967) and <u>Southland Corp. v. Keating</u>, 465 U.S. 1 (1984), establishing that only an agreement to arbitrate, not an enforceable contract, is required to compel arbitration. The Supreme Court said:

> *Prima Paint* and *Southland* answer the question presented here by establishing three propositions. **First, as a matter of substantive federal arbitration law, an arbitration provision is severable from the remainder of the contract.** Second, unless the challenge is to the arbitration clause itself, the issue of the contract's validity is considered by the arbitrator in the first

8

instance. Third, this arbitration law applies in state as well as federal courts. The parties have not requested, and we do not undertake, reconsideration of these holdings. Applying them to this case, we conclude that because respondents challenge the Agreement, but not specifically its arbitration provisions, those provisions are enforceable apart from the remainder of the contract. The challenge should therefore be considered by an arbitrator, not a court. (Emphasis added.)

See also Tor Line U.S.A., Inc. v. Kimberly Explorer Cruises Party Ltd., et al, 1990 U.S. Dist. LEXIS 11509 (August 31, 1990), citing Prima Paint ("these types of claims, which affect the formation of the entire contract, should be considered by the arbitrator."). Id., at *6.

The cases that United cites (Respondent's Memo pp. 16-22) in a hope to avoid the mandate of Prima Paint and Buckeye do not match the facts here. Here, without question, from November 1, 2006 to March 20, 2007 when Republic bound coverage, the only coverage in existence was the coverage form the AIG Companies. Without that coverage, United, Wellmore and Sapphire were each prohibited from operating their mines. Only that coverage provided required filings with the Unites States Department of Labor during that time. (Exhibit 3). Had there been a disaster during that time, Republic never would have accepted the risk retroactively. As United complains, millions of dollars was provided for that coverage. To say there was no contractual relationship, with a arbitration clause in place, is sophistry.

V.

**KY REV STAT ANN. § 417.050 DOES NOT APPLY**

In a letter to the court submitted last night, Untied attempts to rely upon Ky Rev Stat Ann § 417.050, but fails to cite the one case from the United States Bankruptcy Court for the Western District of Kentucky, that squarely held the statute inapplicable to the type of payment

agreement at issue here. In re Transport Associates, Inc., 263 B.R. 531, 533-34 (Bankr. W.D. Ky. 2001). The Transport court fully disposed of this issue:

> *Kentucky Law or the Federal Arbitration Act*
>
> Although the parties agreed that any arbitration proceedings take place in New York, the Trustee argues that Kentucky law applies to this controversy and further contends that KRS 417.050, Kentucky's arbitration statute, exempts insurance contracts from coverage. However, the Federal Arbitration Act ("FAA"), is "preemptive of state law hostile to arbitration" as recently recognized by the U.S. Supreme Court in *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 121 S.Ct. 1302, 1306, 149 L.Ed.2d 234 (2001) (citing, *Southland Corp. v. Keating*, 465 U.S. 1, 104 S.Ct. 852, 79 L.Ed.2d 1 (1984)). Specifically, section 2 of the FAA applies to transactions involving commerce.
>
>> A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.
>
> 9 U.S.C. § 2. See *Circuit City Stores*, 121 S.Ct. at 1306. *See also, UHC Management Co., Inc. v. Computer Sciences Corp.*, 148 F.3d 992 (8th Cir. 1998) (choice of law provision contained in arbitration clause did not preempt FAA in federal court proceeding); and *Ainsworth v. Allstate Ins. Co.*, 634 F.Supp. 52 (W.D.Mo. 1985). The Court of Appeals of the Sixth Circuit has recognized the liberal federal policy favoring arbitration agreements, notwithstanding state substantive or procedural policies to the contrary. *Asplundh Tree Expert Company v. Bates*, 71 F.3d 592, 595 (6th Cir. 1995) (citing, *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 24, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983)). According to the Court of Appeals, "[t]he Arbitration Act 'establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration.'" *Id.* (citing *Moses*, 103 S.Ct. at 941-42).

Section 417.050, by its terms does not apply to this case. It does not prohibit arbitration, it simply does not compel arbitration. Authority to compel arbitration comes from the FAA. Section 417.050 indeed provides that agreements to arbitration are "valid," but the statute then carves out "insurance contracts" by stating the statute "does not apply" to such contracts.

However, the contract at issue in this case is not an "insurance contract," it is a payment agreement. That agreement does not transfer risk, rather it provides terms for payment for insurance. The Supreme Court of Kentucky has stated that "an insurance policy is a contract of indemnity whereby the insurer agrees to indemnify the insured for any loss resulting from a specific event." Buck Run Baptist Church, 983 S.W.2d at 504. The payment agreement is not such a contract.

Moreover, there are additional reasons that section 417.050 should not apply. The insurance policy at issue was issued in Virginia to a named Virginia insured (Exhibit 2). Kentucky, as noted above, has declined to exercise regulatory jurisdiction. The coverage at issue is mandated by federal law and proof of coverage was filed with the United States Department of Labor. (Exhibit 3). Finally, the National Home case, on which United places its reliance, is an individual home-owner consumer case, while this case involves an out-of-state, multi-state coal company. For all of these reasons section 417.050 does not apply.

## CONCLUSION

This court should compel United to submit the present dispute to arbitration.

Dated:   New York, New York
         April 8, 2008

                                    ZEICHNER ELLMAN & KRAUSE LLP

                                    By: _____
                                    Michael S. Davis (MD-6317)
                                    Anthony I. Giacobbe, Jr. (AG-0711)
                                    Attorneys for Petitioner, National Union Fire
                                        Insurance Company of Pittsburgh, Pa.
                                    575 Lexington Avenue
                                    New York, New York 10022
                                    (212) 223-0400

522357.v1/10670-009/MSD